# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ISIAH MCCORD,

    Petitioner,

v.

HOMER BRYSON,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-68

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Isiah McCord ("McCord"), who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Northern District of Georgia challenging a decision by the Georgia Board of Pardons and Parole ("the Board"). (Doc. 1.) The Northern District of Georgia converted McCord's Petition as being brought pursuant to 28 U.S.C. § 2241 and transferred McCord's Petition to this Court. (Doc. 3.) Respondent filed an Answer-Response and a Motion to Dismiss. (Docs. 14, 15.) McCord filed a Response. (Doc. 20.) For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** McCord's Petition without prejudice, and **DENY** McCord *in forma pauperis* status on appeal.

## BACKGROUND

McCord was convicted, after a jury trial, in the Richmond County Superior Court of malice murder, aggravated assault, and possession of a firearm during the commission of a felony in August 1994. He was sentenced to life in prison. (Doc. 1, p. 1; Doc. 15, p. 1.) McCord filed a direct appeal, and the Georgia Supreme Court affirmed his convictions and

sentence. McCord v. State, 491 S.E.2d 360 (Ga. 1997). In the instant Petition, McCord contests the Board's denial of parole on November 13, 2014. (Doc. 1, pp. 5–6, 8, 10.)

**DISCUSSION**

McCord states in his Petition that the Board has denied him his Fourteenth Amendment rights because the Board failed to grant him parole or, in the alternative, failed to provide him with specific reasons for its denial so that he could challenge those reasons.[1] (Id. at pp. 5–6.)

Respondent asserts McCord's Petition is due to be dismissed because he failed to exhaust his state remedies prior to filing this cause of action. (Docs. 15, 15-1.) Specifically, Respondent contends McCord should have filed a petition for writ of habeas corpus under Georgia law, and it does not appear that McCord did so. (Doc. 15-1, p. 3.)

The Court now addresses Respondent's contention.

**I. Whether McCord can Proceed Pursuant to Section 2241**

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to Section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" Section 2241(c)(3) applies. Id. at 786. This Section applies to "'a person in custody *pursuant to*

---

[1] This Court has previously concluded that a petitioner who levies specific complaints about the way the Board applied existing procedures to reach an objectionable result, like McCord does here, has set forth a habeas corpus action rather than a 42 U.S.C. § 1983 claim. Grady v. Ga. Dep't of Corr., No. CV409-103, 2010 WL 322881, at *2–3 (S.D. Ga. Jan. 27, 2010).

2

*the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States.'" Id. (quoting Section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

McCord contests the decision of the Board to deny him parole in November 2014. McCord is in custody pursuant to the judgment of a Georgia court, and thus, his petition is governed by Section 2254 and its attendant restrictions, such as the statute of limitation period and the exhaustion requirement. See Thomas, 371 F.3d at 787 (stating that the argument that Section 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings is without merit). Accordingly, the Court must determine whether McCord's Section 2241 Petition should be dismissed because McCord failed to exhaust his state remedies, as required under Section 2254.

## II. Whether McCord Exhausted his State Remedies

Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first satisfy the requirement that he seek relief from the courts within his state of conviction. That requirement is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or

3

>        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a Section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process,"

4

or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. McCord, 941 F.2d 1471, 1475 (11th Cir. 1991).

There is nothing before the Court indicating that McCord exhausted his available state remedies prior to filing this Petition. The Court notes McCord's assertion that he is not addressing his eligibility for parole but is seeking the specific grounds for the Board's decision to deny him parole. Despite McCord's desired distinction, however, he is challenging the Board's decision to deny him parole. Thus, "a petition for writ of mandamus is the proper vehicle for challenging parole decisions in Georgia." Day v. Hall, 528 F.3d 1315, 1317 (11th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008); Johnson v. Griffin, 522 S.E.2d 657 (Ga. 1999). As there is no evidence before the Court that McCord filed a petition for writ of mandamus to challenge his eligibility for parole or the Board's process, he failed to exhaust his state remedies prior to filing this Petition.[2] Accordingly, the Court should **GRANT** Respondent's Motion and **DISMISS** McCord's Petition, without prejudice.

## III. Leave to Appeal *In Forma Pauperis*

The Court should also deny McCord leave to appeal *in forma pauperis*. Though McCord has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in

---

[2] McCord should have sought review of the Board's decision with a Georgia court, whether by filing a petition for writ of mandamus or by filing a state habeas corpus petition. See Grady, 2010 WL 322881, at *3 (dismissing a Section 2254 petition based on the petitioner's failure to exhaust his state remedies and citing Stewart v. Ga. Bd. of Pardons & Parole, Civil Action No. 1:08-CV-2966-WSD-ECS, 2008 WL 4816677, at *2 (N.D. Ga. Oct. 31, 2008), for the proposition that a petition was to be dismissed because the petitioner did not seek review of his parole revocation in state court, either by filing a petition for writ of habeas corpus or a state writ of habeas corpus); see also Fedd v. Taylor, No. 1:13-CV-83 (WLS), 2013 WL 8180435, at *2 (M.D. Ga. Dec. 20, 2013) (finding petitioner's claims exhausted but citing Stewart for requirements to exhaust a parole decision in Georgia); see also O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint.").

5

the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of McCord's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 15), **DISMISS** McCord's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 but converted to a 28 U.S.C. § 2241 Petition, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** McCord leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon McCord and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of June, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA